UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the SHEET METAL WORKERS' LOCAL UNION NO. 28 FUNDS and PLANS, individually named herein as SHEET METAL WORKERS' LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 EDUCATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SCHOLARSHIP FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ASSESSMENTS FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 POLITICAL ACTION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 BUILDING FUND, and INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS' LOCAL UNION NO. 28, AFL-CIO,

Civil Case No.: 19-cv-374

**COMPLAINT**

         Plaintiffs,

-against-

SMS SHEET METAL INC. and M & S MECHANICAL SERVICES INC.

         Defendants.
------------------------------------------------------------------------X

    Plaintiffs, by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. complain of Defendants as follows:

### JURISDICTION AND VENUE

    1.  Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA"), as amended, §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145; and the Labor Management Relations Act, (hereinafter "LMRA"), as amended, § 301, 29 U.S.C. § 185; derivative jurisdiction is contained in 28 U.S.C. §§ 1331 and 1337.

2. Venue within this district is proper pursuant to LMRA § 301, 29 U.S.C. § 185; ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## NATURE OF ACTION

3. This action is brought, inter alia, in accordance with the requirements of the LMRA § 302, as amended, 29 U.S.C. § 186 ("Taft-Hartley" plans) to enforce the relevant provisions of the jobsite agreement, applicable collective bargaining agreements, and statutory obligations imposed on Defendant by ERISA § 515, 29 U.S.C. §1145, and LMRA § 301(a), 29 U.S.C. § 185(a).

## PARTIES

4. Plaintiffs, TRUSTEES of the SHEET METAL WORKERS' LOCAL UNION NO. 28 FUNDS AND PLANS, individually named herein as SHEET METAL WORKERS' LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 EDUCATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SCHOLARSHIP FUND, (hereinafter "ERISA FUNDS") are, at all relevant times, employee benefit plans as defined in ERISA § 3(1) and (2), 29 U.S.C. §1002(1) and (2), established and maintained by employers engaged in commerce and by a labor organization representing employees engaged in commerce and in an industry affecting commerce, which, further, qualify as multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. §1002(37)(A). The ERISA FUNDS maintain their office at 195 Mineola Boulevard, Mineola, New York 11501.

5. Plaintiffs, SHEET METAL WORKERS' LOCAL UNION NO. 28 ASSESSMENTS FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 POLITICAL ACTION FUND, and SHEET METAL WORKERS' LOCAL UNION NO. 28 BUILDING FUND (hereinafter "UNION FUNDS" and, collectively with the ERISA FUNDS, hereinafter referred to as the "FUNDS") are contractually-generated funds created pursuant to the relevant collective bargaining agreement ("CBA") between Plaintiff, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 28, AFL-CIO, and non-parties Sheet Metal & Air Conditioning Contractors Association of New York City, Inc. and SMACNA of Long Island, Inc.  The UNION FUNDS maintain their office at 195 Mineola Boulevard, Mineola, New York 11501.

6. Plaintiff, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 28, AFL-CIO, (hereinafter "LOCAL 28" or "UNION") is a labor organization affecting commerce as defined by LMRA § 152(5) as well as ERISA § 1002(4) representing individuals who performed work for Defendant, SMS SHEET METAL INC.  LOCAL 28 maintains an office at 500 Greenwich Street, Suite 502, New York, New York 10013.

7. Upon information and belief, Defendant, SMS SHEET METAL INC, (hereinafter "SMS" or "EMPLOYER"), is and was, at all relevant times, a domestic New York corporation transacting business pursuant to the laws of the State of New York with its principal place of business at 300 Denton Avenue, New Hyde Park, New York 11040.

8. SMS is, and was at all relevant times, engaged in an industry affecting commerce and an "employer" within the meaning of the National Labor Relations Act, (hereinafter "NLRA"), §§ 2(2) and 301(a), 29 U.S.C. 152(a) and 185(a), and ERISA §§ 3(5) and 515, 29 U.S.C. 1002(5) and 1145.

9. Upon information and belief, Defendant, M & S MECHANICAL SERVICES INC. ("M & S"), is and was, at all relevant times, a domestic New York corporation transacting business pursuant to the laws of the State of New York with its principal place of business at 855-F Conklin Street, Farmingdale, New York 11735.  Upon information and belief, M & S also operates from a business address located at 300 Denton Avenue, New Hyde Park, New York 11040.

## FACTS

10. SMS has, at all times relevant to this action, been a party to a CBA with the UNION governing the wages, hours and working conditions of certain of its employees.

11. At all times relevant to this action, the CBA has required SMS to make contributions to the FUNDS and LOCAL 28 on behalf of its employees who are covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

12. By way of executing the CBA, SMS agreed to be bound by the provisions of the FUNDS' Collection Policy, By-Laws, and the Agreement and Declaration of Trust governing the various FUNDS.

13. The CBA and the Agreement and Declaration of Trust governing the various ERISA FUNDS provide that if SMS fails to remit contributions by the date due, the EMPLOYER is liable to the ERISA FUNDS for: (A) the delinquent contributions; (B) interest on delinquent contributions at the prime rate plus twelve percent (12%) with a minimum of fifteen percent (15%) per year following a five (5) day grace period; (C) liquidated damages of twenty percent (20%) on unpaid contributions; and (D) the ERISA FUNDS' attorneys' fees and costs.

14. The CBA requires signatory employers to submit to periodic audits of their books and records in order to determine whether the employers have made the contributions they are obligated to make pursuant to the collective bargaining agreements.

15. On July 19, 2018, PLAINTIFF'S auditors, Calibre Group PLLC ("Calibre"), performed an audit of SMS' books and records for the period from July 2016 through May 2018.

16. The audit found that SMS owed delinquent contributions to PLAINTIFFS in the amount of $46,819.91, in addition to interest, liquidated damages and fees.

17. SMS disputed the audit findings but was unable to provide documentation to Calibre that would justify revising the audit.

18. On October 9, 2018, Calibre issued a final audit report with findings of delinquent contributions in the amount of $46,819.91.

19. Upon information and belief, Salvatore Amato is the sole owner of SMS.

20. Upon information and belief, Salvatore Amato is at least partial owner of M & S.

21. Upon information and belief, M & S is aware of the audit.

22. Upon information and belief, M & S is the (i) successor of; (ii) alter-ego of; or (iii) a single employer with SMS.

23. Upon information and belief, SMS and M & S share common ownership, in that were or are owned and/ore operated by the same individual; namely, Salvatore Amato.

24. Upon information and belief, SMS and M & S are and/or were engaged in the same or similar business activities.

25. Upon information and belief, SMS and M & S use the same equipment.

26. Upon information and belief, SMS and M & S both are and/or were operating out of the same location: 300 Denton Avenue, New Hyde Park, New York 11040.

27. Upon information and belief, SMS and M & S share the same telephone number: 516-307-9444.

28. Upon information and belief, SMS has used M & S to avoid its obligations under its CBA with Local 28, including its obligation to pay the audit findings.

## **COUNT I – ERISA**

29. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "28" of this Complaint with the same force and effect as though the same were set forth at length herein.

30. Section 515 of ERISA, 29 U.S.C. § 1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

31. SMS's failure to pay contributions, interest, liquidated damages and attorneys' fees and costs owing to the ERISA FUNDS and to submit remittance reports violates the CBA and the Agreement and Declaration of Trust governing the various ERISA FUNDS, which is incorporated into the CBA, thus giving rise to an action under ERISA Section 515.

32. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates the following:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan,
>
> (a) the unpaid contributions,
>
> (b) interest on the unpaid contributions,
>
> (c) an amount equal to the greater of
>
>     (i) interest on the unpaid contributions; or
>
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],
>
> (d) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
>
> (e) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan[.]

33. The ERISA FUNDS are thus entitled under ERISA Section 502(g)(2) to $46,819.91 in unpaid contributions plus interest, liquidated damages, attorney's fees and costs.

## COUNT II – LMRA

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "33" of this Complaint with the same force and effect as though the same were set forth at length herein.

35. Section 301 of the LMRA, 29 USC § 185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

36. By failing to pay the contributions and other amounts owing to the UNION FUNDS, SMS has violated the CBA and the Agreement and Declaration of Trust governing the various FUNDS, which is incorporated into the CBA.

37. The FUNDS are thus entitled under LMRA Section 301(a) to unpaid contributions, interest, liquidated damages, attorney's fees and costs.

## COUNT III – M & S SUCCESSOR LIABILITY

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" of this Complaint with the same force and effect as though the same were set forth at length herein.

39. Upon information and belief, and pursuant to the facts of this matter and relevant law, M & S is a successor to SMS.

40. As a successor to SMS, M & S is jointly and severally liable with SMS for the audit findings.

### COUNT IV – M & S ALTER EGO LIABILITY

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "40" of this Complaint with the same force and effect as though the same were set forth at length herein.

42. Upon information and belief, and pursuant to the facts of this matter and relevant law, M & S is an alter-ego of SMS.

43. As an alter-ego of SMS, M & S is jointly and severally liable with SMS for the audit findings.

### COUNT V – SINGLE EMPLOYER LIABILITY

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" of this Complaint with the same force and effect as though the same were set forth at length herein.

45. Upon information and belief, and pursuant to the facts of this matter and relevant law, M & S is a single employer with SMS.

46. As a single employer with SMS, M & S is jointly and severally liable with SMS for the audit findings.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against SMS SHEET METAL INC. and M & S MECHANICAL SERVICES INC. as follows:

   1. That it be adjudged and declared that defendant M & S MECHANICAL SERVICES INC. is the (i) successor of; (ii) alter-ego of; or (iii) a single employer with Defendant M & S MECHANICAL SERVICES INC.; and,

2. An order holding Defendants SMS SHEET METAL INC. and M & S MECHANICAL SERVICES INC. jointly and severally liable for the following:

(a) $46,819.91 in delinquent contributions;

(b) Interest on the unpaid contributions;

(c) $9,363.98 in liquidated damages;

(d) Reasonable attorneys' fees and costs;

3. Providing such other legal and equitable relief as the Court deems proper.

Dated: January 14, 2019
       Woodbury, NY

                    Respectfully submitted,

                    COLLERAN, O'HARA & MILLS L.L.P.

                    By:    */S/ THOMAS P. KEANE*
                    THOMAS P. KEANE  (TK4425)
                    Attorneys for Plaintiffs
                    100 Crossways Park Drive West, Suite 200
                    Woodbury, New York 11797
                    (516) 248-5757
                    tpk@cohmlaw.com

cc:    SMS SHEET METAL INC.
       300 Denton Avenue
       New Hyde Park, New York 11040

       M & S MECHANICAL SERVICES INC.
       855-F Conklin Street
       Farmingdale, New York 11735